**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000454
07-AUG-2015
07:47 AM**

NO. CAAP-14-0000454

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SIMBRALYNN L. KANAKAOLE, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH & SOUTH HILO DIVISION
(CASE NO. 3DTC-12-000266)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth, and Ginoza, JJ.)

Defendant-Appellant Simbralynn L. Kanakaole (Kanakaole) appeals from the Notice of Entry of Judgment and/or Order, filed on February 3, 2014, in the District Court of the Third Circuit (District Court).[1] Kanakaole was convicted of Driving Without A License (DWOL), in violation of Hawaii Revised Statutes (HRS) § 286-102(b) (Supp 2014).[2]

---

[1] The Honorable Harry P. Freitas presided.

[2] A charge of Excessive Speeding under HRS § 291C-105(a)(1) (2007) was dismissed with prejudice pursuant to the State's nolle prosequi request during trial that was granted by the District Court. Also, at the end of trial, the District Court found Kanakaole not guilty of Driving Without Motor Vehicle Insurance under HRS § 431:10C-104(a) (2005).

On appeal, Kanakaole claims that the District Court erred in not accepting her defenses of duress, choice of evils, and defense of self and others.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kanakaole's points of error as follows and affirm.

In reviewing the record on appeal,

> [e]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Young, 93 Hawai'i 224, 230, 999 P.2d 230, 236 (2000) (citation and block format omitted).

The State was not required to introduce evidence to negative Kanakaole's defense of duress. The defense of duress is an affirmative defense. HRS § 702-231(5) (2014). "The defendant shall have the burden of going forward with the evidence to prove the facts constituting such defense, unless such facts are supplied by the testimony of the prosecuting witness or circumstances in such testimony, and of proving such facts by a preponderance of the evidence pursuant to section 701-115 [(2014)]." Id. Duress is a defense when a "defendant engaged in the conduct or caused the result alleged because he [or she] was coerced to do so by the use of, or a threat to use, unlawful force against his [or her] person or the person of another, which

---

[3] After Kanakaole failed to file a timely Opening Brief, the court granted her motion for relief from default and extended the time to file the Opening Brief. Kanakaole ended up filing both an Opening Brief and an Amended Opening Brief, but was only authorized to file the Opening Brief.

In her Opening Brief, Kanakaole also asserts as a point of error that the District Court plainly erred in not acquitting her of DWOL after the State's nolle prosequi motion on the speeding charge and the court found her not guilty of driving without insurance. The basis for this contention is unclear and Kanakaole provides no argument or explanation of this point of error. It is thus waived. See Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7).

2

a person of reasonable firmness in his [or her] situation would have been unable to resist." HRS § 702-231(1) (2014).

Kanakaole failed to carry her burden of proving her affirmative defense of duress by a preponderance of the evidence. When asked to describe the events that led to her using the vehicle, Kanakaole testified that she had been using the vehicle for "quite some time." She also testified that she did not ask to borrow the vehicle, but that the vehicle owner allowed her to use the vehicle. Kanakaole's testimony shows that she was not forced to drive a vehicle without a driver's license by force or threat of force. Her duress defense is apparently based on the contention that, when she was stopped by a police officer while driving on September 5, 2012, she had been fleeing from someone who had previously "stuck a gun" in her face, who had threatened her and her children, and who she "almost had contact with in Hilo." When asked to provide the time frame when she had been threatened with the gun, Kanakaole testified that she could not recall, that she had made a police report about it, but that it was before September 5th. She provided little detail about the events of September 5, 2012 or the prior threats made by an unnamed person. In rendering its ruling, the District Court noted that Kanakaole's testimony was "not very credible" and that she had provided very few facts. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (citations, block quote format, quotation marks and brackets omitted). In reviewing the record, the District Court did not err in rejecting Kanakaole's duress defense.

The choice of evils defense is set out in HRS § 703-302 (2014) and Kanakaole's assertion of this defense is based on the same contention that she was fleeing from someone who had threatened her and her children. This defense is not an affirmative defense, but given the record and the District

3

Court's determination that Kanakaole was not credible in her testimony, we see no error by the District Court in rejecting this defense.

Finally, Kanakaole cites an unpublished case, State v. Soto, No. CAAP-11-0000055, 2011 WL 5034302, 125 Hawai'i 381, 262 P.3d 670 (App. Oct. 24, 2011) (SDO), in support of her claim that she acted in self-defense or in defense of others. Soto is inapplicable because the defendant in that case was charged with harassment for inter alia making physical contact with a complaining witness, and asserted in defense that she was acting in self-defense. Here, the State does not allege that Kanakaole used force upon or toward another person, and using force is not an element of the DWOL offense. Self-defense or defense of others is not applicable to the circumstances in this case. See HRS § 703-304 (2014).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, filed on February 3, 2014, in the District Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, August 7, 2015.

On the briefs:

Gary C. Zamber
for Defendant-Appellant

Roland J. K. Talon
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

4